IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In the Matter of: | ) | Case No. BK 25-80501 |
| | ) | |
| JAYME DAVIS SELL and ANDRA LYNNE SELL, | ) ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| ——————————————— | ) | ——————————————— |
| | ) | |
| CHRISTINA D'SAACHS, | ) | Case No. AP 25-8010 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JAYME DAVIS SELL and ANDRA LYNNE SELL, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Order on Motion for Amended Findings and Conclusions**

The plaintiff Christina D'Saachs moves to amend the findings of fact and conclusions of law in the court's order partially excepting the defendant's debt from discharge (Doc. #93). The motion is denied to the extent it requests the court amend the judgment. The motion identifies no manifest error of law or fact. It simply reargues positions already considered and rejected. To the extent necessary, the following opinion supplements and further clarifies the underlying opinion.

*Standard of Review*

After a judgment is entered a party may ask a court to "amend its findings – or make additional findings – and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). The rule "permit[s] a party to move the trial court to clarify or supplement fact findings to enable the appellate court to understand the factual issues determined at trial." *W. Corp. v. AT&T Corp.*, 2007 WL 1310123, at *2 (D. Neb. Mar. 29, 2007) (citations omitted).

The purpose of 52(b) is to provide the court an opportunity to correct manifest errors of law or fact at trial. Motions made under Rule 52(b) are not intended merely to relitigate old matters nor are such motions intended to allow the parties to present the case under new theories of law.

*Lincoln Provision, Inc. v. Aron Puretz, PMP, LLC*, 2013 WL 6283736, at *2 (D. Neb. Dec. 4, 2013) (citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

## Conclusions of Law

### *"Debt Free" as Financial Condition*

The plaintiff argues the defendant's statement he wanted to be "debt free" was treated solely as a statement respecting his financial condition. The argument overlooks that the order makes multiple independent holdings regarding the defendant's "debt free" statement. The financial condition holding was included because the plaintiff invited it in her original post-trial brief.

In her original brief the plaintiff argued the debtor's statement he wanted to become "debt free" was a false pretense because the defendant had other undisclosed loans and because the plaintiff's loan would not satisfy all the defendant's actual indebtedness. The argument failed because the statement, *as the plaintiff argued it*, concerns the defendant's financial condition – the nature and extent of his other existing debt. As a representation about the defendant's existing debts, the statement relates directly to his overall financial status. The plaintiff's claim under this theory is barred because the plaintiff did not plead a claim regarding financial condition under § 523(a)(2)(B).

### *Future Commercial Debt*

The plaintiff next argues she viewed the "debt free" and other representations as implying the defendant "wanted to stop incurring debt and did not want to have any commercial loans in the future." This argument was also addressed and rejected.

The "debt free" representation the plaintiff pled in the complaint concerns an April 2022 text message where the defendant stated his plan to become "debt free". The statement did not concern the plaintiff's loan. It concerned the defendant's plan for additional commercial borrowings. In April 2022, months before he borrowed money from the plaintiff, the defendant texted the plaintiff, informing her that he borrowed $25,000 from a commercial lender. He used the funds to pay off two credit cards. The plaintiff asked the defendant if he felt less stressed. The defendant responded, "for 30 days – Then I start the juggling act of paying it back – at $1605 per month." He then texted, "Hopefully in 90 days I can go to the bank and get a consolidated loan for 8% with my truck as collateral for $60,000." The plaintiff inquired why the defendant needed to borrow $60,000. The defendant disclosed another large loan. He then texted:

> I'm just trying to consolidate everything into 1 payment to allow me to make double the payments and literally be debt free.

As originally noted, the representation, as pled, is true. It is also not actionable construed as a statement regarding future borrowings. The United States Supreme Court directs we look to common law to determine whether a statement is actionable.

> The operative terms in § 523(a)(2)(A), on the other hand, "false pretenses, a false representation, or actual fraud," carry the acquired meaning of terms of art. They are common-law terms, and, as we will shortly see in the case of "actual fraud," which concerns us here, they imply elements that the common law has defined them to include.

*Field v. Mans*, 516 U.S. 59, 69, 116 S. Ct. 437, 443, 133 L. Ed. 2d 351 (1995).

The common law distinguishes between factual statements and non-factual statements.

> A factual claim is a statement that (1) admits of being adjudged true or false in a way that (2) admits of empirical verification. To be actionable, the statement must be a "specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact.…

> Puffery and statements of fact are mutually exclusive. If a statement is a specific, measurable claim or can be reasonably interpreted as being a factual claim, i.e., one capable of verification, the statement is

one of fact. Conversely, if the statement is not specific and measurable, and cannot be reasonably interpreted as providing a benchmark by which the veracity of the statement can be ascertained, the statement constitutes puffery.

*American Italian Pasta Co. v. New World Pasta Co.*, 371 F.3d 387, 391 (8th Cir. 2004) (construing the Lanham Act); *see, e.g., Vogel v. E.D. Bullard Co.*, 597 F. App'x 817, 825 (6th Cir. 2014) (holding statements the defendants would help the plaintiff become "debt free" were not actionable).

The defendant stated he wanted to consolidate his loans at a lower rate to make larger payments, which would allow him to become debt free. Taken literally, this statement can be adjudged true or false. And as already held, it is a true statement. A consolidation loan at a lower rate would allow the defendant to service and retire his existing debt faster than separate high-interest loans.

In addition, the statement does not amount to a representation the defendant would never again borrow from commercial lenders. Neither do other contemporaneous statements, which include, without limitation: the defendant wanted to build a life with the plaintiff; debt caused him stress; and he wanted to pay the plaintiff "instead of these schmucks." These are expressions of sentiment and desire. They are not representations of complete abstention from future commercial borrowing.[1] The evidence supports the defendant did not represent he would forbear from borrowing money from a commercial lender in the short term or the long term. Likewise, the parties' written loan agreement contains no covenant not to borrow.

The plaintiff argues she testified the defendant specifically represented he would not take out other commercial loans and that this testimony was not contradicted. But her actual testimony was much more generic and lacked meaningful details essential to proving fraud. The plaintiff's actual testimony, including the specific testimony referenced in her brief, was *she inferred* the defendant's statements to be a representation the defendant would not take out additional commercial loans. When she testified, the

---

[1] The plaintiff also argues had she known the defendant would borrow more money, she would not have lent. This does not make the statements actionable, does not establish the defendant's intent, and does make the plaintiff's reliance on the specific "debt free" statements as forbearance as justifiable.

plaintiff responded affirmatively to highly leading questions about her interpretation of the defendant's statements:

> When you were agreeing to this loan with him in September of 2022, was that kind of *the premise that **you had*** that um uh that he was going to try to become better financially and not get caught up with all these commercial loans that were stressing him out?

And:

> Is [taking additional loans] that something that ***you believe*** um was *either falsely indicated* to you or actually represented to you that he was um ah not going to engage with these, eh take out these significant loans with commercial lenders anymore?

This is not testimony the defendant falsely represented, "If you loan me money, I will never again borrow from commercial lenders", on a specific date, time, and place. The statements are merely the plaintiff's interpretation of what she believed the defendant's future intent to be. Her interpretation is not actionable. The court weighed the evidence and considered the totality of the parties' testimony. The plaintiff's testimony and the defendant's statements about commercial lenders and borrowing do not, individually or collectively, support the plaintiff's claim under § 523(a)(2)(A).

Even if the defendant had represented he would not borrow additional money from commercial lenders, the court already weighed the evidence and found the plaintiff's claim fails because the statement was not false. The evidence the plaintiff marshals now and marshalled originally is the defendant's subsequent borrowing. But subsequent borrowing does not, without more, establish that *on September 22, 2022*, the defendant had already formed and concealed an intent to keep borrowing. A promise of future performance is fraudulent under § 523(a)(2)(A) only if it was made with no intent to perform when made. *Willmar Elec. Servs. Corp. v. Dailey (In re Dailey)*, 592 B.R. 341, 350 (D. Neb. 2018).

> It is not enough that for any reason, good or bad, the speaker changes his mind and fails or refuses to carry his expressed intention into effect. Whether the facts and circumstances justify a conclusion that a defendant knows a representation is false when made is ordinarily a question for the jury. Intent not to perform cannot be shown solely by nonperformance, it must be shown by other evidence.

*Paul v. Farmland Indus., Inc.*, 37 F.3d 1274, 1277 (8th Cir. 1994) (citations omitted). The plaintiff argues the proximity of subsequent borrowing is dispositive.[2] The court considered the subsequent borrowing along with the totality of the testimony and accepted the defendant's testimony he changed his mind. The plaintiff acknowledges this in her brief when she quotes his testimony – "Because, like I said, I wasn't even planning on doing it myself."

The plaintiff cites *6050 Grant, LLC, v. Hanson (In re Hanson)*, 437 B.R. 322, 327–28 (Bankr. N.D. Ill. 2010), for the proposition that conduct after a loan may evidence the defendant's state of mind when the loan was obtained. But the defendant's conduct, viewed in its totality, is consistent with and supports the defendant intended to perform all obligations when he borrowed money from the plaintiff, and did not harbor a secret intent to borrow more. He was employed. He set up wage withholding. He did not cancel it. He repaid $3,471.02 by January 2, 2023. He only stopped performing because he lost his job, which he did not expect.

The plaintiff concedes the relevant inquiry is the defendant's intent on September 22, 2022. The order resolved that inquiry against her on the original loan. The plaintiff's motion offers no new evidence and no error; it only offers competing inferences from the record.

*Wage Withholding*

The plaintiff asserts error in the factual finding that the defendant voluntarily set up wage withholding because the parties' written loan agreement required direct deposit. The finding is accurate. But it does not carry the weight the plaintiff assigns it. The defendant's intent to perform is based on multiple independent reasons. Again, the defendant was employed. He made payments for several months. He repaid $3,471.02 by January 2, 2023. The payments stopped only because he lost his job.

The finding the defendant set up the withholding simply addressed the plaintiff's argument that the payments were involuntary. But the payments were voluntary. The defendant both set up the withholding and did not terminate the withholding after the loan was funded, even though he could have. Whether the agreement required direct deposit does not change that

---

[2] The plaintiff undercuts her own argument when she concedes the defendant could plausibly argue he did not intend to borrow money on September 22, 2022, if he waited six months to a year to do so. The timing of subsequent loans is a consideration, but it is not the sole, dispositive consideration.

the defendant in fact made payments — which is significant evidence of intent. *See Clauss v. Church (In re Church)*, 328 B.R. 544, 547–48 (B.A.P. 8th Cir. 2005) (finding intent to repay where the debtor made payments).[3] Simply recharacterizing the *mechanism* of payment as "required" does not establish the absence of an intent to perform all aspects of the parties' agreement on September 22, 2022.

### Conclusion

The plaintiff's motion is denied to the extent it seeks to reverse any findings of fact or conclusions of law. It identifies no manifest error of law or fact. It simply reargues findings the court already made.

Dated: July 7, 2026

BY THE COURT:

/s/ Brian S. Kruse

Brian S. Kruse
Chief Bankruptcy Judge

---

[3] The plaintiff makes a mortgage analogy, which is also misplaced. A lien is collateral that secures a loan regardless of the borrower's intent to perform. Payments made on a loan are performance, and they evidence intent. The defendant performed until he lost his job. The argument does not show error in the court's findings.